IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3234-F

| MATTHEW SCOTT SCONCI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
|  | ) |  |
| DANIEL R. BRAME, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

On September 27, 2013, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff contends that, while he was incarcerated at Warren Correctional Institution ("Warren"), he was assaulted by Defendant. Compl. [DE-1], p. 3. It does not clearly appear from the face of the complaint that Plaintiff's claims are frivolous. Thus, the court will allow the case to proceed, and the Clerk of Court is DIRECTED to maintain management of the matter. Plaintiff has also filed two motions, both of which shall now be addressed in turn.

## I. Motion for Transfer

Plaintiff first requests to be "moved while these actions are being taken" because Defendant, an Assistant Unit Manager at Warren, allegedly harassed and threatened Plaintiff on October 7, 2013. Mot. [DE-6]. The court construes this motion as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Although Plaintiff's complaint survives frivolity review, he has not demonstrated that he is likely to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Indeed, Plaintiff's request for injunctive relief is moot because he is no longer housed at Warren [DE-7,9]. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). Further, the public interest is best served if courts do not get involved with the

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __ U.S. __, 132 S.Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted); Cash v. Thomas, No. 6:12-1278-DNC-KFM, 2013 WL 1826619, at * 2 (D.S.C. Apr. 8, 2013). Accordingly, Plaintiff's motion for a temporary restraining order [DE-6] is DENIED.

## II. Motion for Counsel

Plaintiff also seeks the appointment of counsel [DE-8]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Therefore, Plaintiff's motion to appoint counsel [DE-8] is DENIED.

## CONCLUSION

For the aforementioned reasons: (1) Plaintiff's motion for transfer [DE-6] is DENIED; and (2) Plaintiff's motion to appoint counsel [DE-8] is DENIED. The Clerk of Court is DIRECTED to maintain management of Plaintiff's claims.

SO ORDERED. This the 25 day of June, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge